# Bentz's Estate.

*Wills—Construction—Intention—Distribution.*

Testator by his will bequeathed one full share of the residue of his estate which was personalty to each of his four sisters, two brothers, and his niece. He then gave one-half of a full share to five of the eight children of a deceased brother, specifically naming the five children. He then declared that the estates given to two of his brothers, one of his sisters and his niece should be for life only. He directed that after the death of the sister to whom a life estate was given, her share should "revert to her sisters and brothers here mentioned, or to their heirs." *Held*, that such share after the death of the sister should be distributed to the sisters and brothers named in the will to the exclusion of the niece, and that all of the children of the deceased brother should share in one full share as representing their deceased father.

In such a case the three children of the deceased brother are his "surviving issue" within the meaning of the Act of May 6, 1844, P. L. 564, and there can be no discrimination against them in favor of the other five children.

Argued April 27, 1908. Appeal, No. 314, Jan. T., 1907, by Cecilia L. Beetem, from decree of C. P. Cumberland Co., Sept. Term, 1906, No. 172, sustaining exceptions to auditor's report in Estate of Abner W. Bentz, deceased. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of J. M. Rhey, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining exceptions to auditor's report.

*Conrad Hambleton*, with him *John Hays* and *John W. Wetzel*, for appellant.

*S. B. Sadler*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 11, 1908:

Abner W. Bentz died testate on December 6, 1883, unmarried and without issue. After directing the payment of his debts and certain specific legacies, he disposed of his estate as follows: "I will and bequeath to my sisters Elizabeth Bentz, Catherine Bentz, Mrs. Annie M. Parsons and Mary M. Strohm, also my niece, Mrs. Cecilia L. Beetem, and my brothers John Bentz, James Bentz, a full and equal share of all my estate and William Bentz my brother William Bentz Heirs the names that are mentioned one-half of a full share that my other brothers and sisters get equally divided between Mary Bentz, Mrs. Elizabeth Broomall, Joseph Z. Bentz, Samuel Bentz, George Bentz. Brother John Bentz to have the use of his share during his lifetime, and after his death then to be equally divided between all his heirs. Mrs. Mary M. Strohm to have the use of her full share during her lifetime, after her death to revert to her sisters and brothers here mentioned or to their heirs. Mrs. Cecilia L. Beetem to have the use of her full share during her lifetime, and if she dies with-

out children to revert to my brothers and sisters mentioned in my will or to their heirs. James Bentz, Brother James Bentz to have the use of his full share during his lifetime, after his death to revert to his children equally divided."

William Bentz, a brother of the testator, died during the lifetime of the testator, and the other brothers and sisters interested in the fund for distribution, except Mrs. Mary M. Strohm, died after the testator, but prior to April 3, 1906. Mrs. Strohm died on that day without issue. Prior to the death of Mrs. Strohm the estates and interests of the brothers and other sisters of the testator had all been distributed. The fund for distribution in this proceeding is the remainder of the estate given to Mrs. Strohm for life. The court below awarded it equally to the heirs and distributees of the deceased brothers and sisters who were mentioned in the testator's will. From this decree Mrs. Cecilia L. Beetem, a niece of the testator, has taken this appeal. She contends that she is entitled to an equal share in the fund for distribution with the brothers and sisters of the testator; that only the five children of William Bentz, named in the will, should participate in the distribution and to the extent of only one-half of a full share.

By reference to the will it will be observed that the testator in the first instance bequeaths one full share of the residue of his estate to each of his four sisters, two brothers, and his niece, Cecilia L. Beetem. He then gives one-half of a full share to five of the children of his deceased brother William Bentz, specifically naming the children. He next proceeds to declare that certain of his former bequests shall be for life only. Such are the estates given to his brother John, his brother James, his sister Mrs. Strohm, and his niece, Mrs. Beetem. The language of the will creating a life interest in Mrs. Strohm and disposing of the remainder is as follows: " Mrs. Mary M. Strohm to have the use of her full share during her lifetime, after her death to revert to her sisters and brothers here mentioned or to their heirs." The remainder, after Mrs. Strohm's life interest, is the estate for distribution.

While the will is most inartificially drawn, and was doubtless written by the testator himself, yet we think his intention is clear, and that there is no difficulty in determining what disposition he intended to make of this part of his estate. The

property for distribution is personalty. Mrs. Strohm was bequeathed the estate for her life, and then it was disposed of in the following words : " after her death to revert to her sisters and brothers here mentioned or to their heirs." This language is plain, and does not need the aid of any rules of interpretation to construe it. Nor does it need transposition to determine the intention of the testator as to this part of his estate. He had " mentioned " in his will prior to this bequest the names of his four sisters and of his three brothers. To them the bequest was made. It is true that the testator had not theretofore given his brother William any part of his estate, but the remainder over, after Mrs. Strohm's life estate, was not bequeathed to sisters and brothers to whom the testator had already given an estate or interest, but to the sisters and brothers " here mentioned." No general intent is required to determine the signification or meaning of this language. We need not inquire as to the testator's reasons for not giving his brother William any other part of his estate. That is immaterial, and can have no effect on the construction of this part of the will. Many reasons might be suggested, but they are immaterial. Neither need we inquire as to why the testator primarily gave one-half of a full share of the residue of his estate to the five instead of to the eight children of William. These were matters solely for the consideration of the testator, and his will as to that question is the law of the case. It can have no bearing upon the interpretation of the Strohm bequest. The remainder after Mrs. Strohm's estate the testator declared should go " to her sisters and brothers here mentioned or to their heirs." The sisters and brothers mentioned in the will, whether or not they had been given anything in the will, were the parties to whom the testator bequeathed the remainder after Mrs. Strohm's life estate. There can be no doubt that such was the intention of the testator, because no other meaning or inference can properly be drawn from the language he used in making the bequest.

It is contended by Mrs. Beetem, the appellant, that the words in this bequest, " to revert to her sisters and brothers here mentioned," refer to the persons who had previously been given in the will a full share and a half share of the estate. This construction of the will would give Mrs. Beetem

a full share, and the five children of William Bentz, named in the will, a one-half share of the remainder of the estate given to Mrs. Strohm for life. It is urged by the appellant that to hold otherwise would defeat the clearly expressed intention of the testator; that it would exclude Mrs. Beetem, who is expressly given a full and equal share, and would let in three of the eight children of William Bentz, who are not given in express terms any portion of any share of the estate. But, as we have pointed out, this contention is not supported by the language of the will. It is, on the contrary, antagonistic to the plain and unequivocal language used by the testator in disposing of the remainder after Mrs. Strohm's life estate. That portion of his estate was not to go to the persons to whom one full share or one-half of a full share had been given, but to the sisters and brothers of Mrs. Strohm "here mentioned." In this designation of legatees a niece is not included, nor are five of the eight children of William Bentz named or included. No other relative than a brother or sister, mentioned in the will, or his or her heirs can participate in this bequest. The plain terms of the bequest permit of no other conclusion. Hence, it is useless to speculate on the general intent of the testator as affecting the disposition of this part of his estate. There is no ambiguity in this bequest, it is plain, and hence must speak for itself.

The word "heirs" must be regarded as a word of limitation. The remainder is given to the brothers and sisters, and they take the estate in fee. And this is true as to William Bentz, who died prior to the death of the testator and left issue to survive him. He is "mentioned" in the will, and, therefore, becomes a legatee. The Act of May 6, 1844, P. L. 564, 2 Purd. (12th ed.) 2103, prevents any lapse of the bequest by reason of the prior death of the legatee who leaves issue surviving him. The estate was, therefore, given to all the brothers and sisters "mentioned." The three children of William Bentz, not named in the will, are his "surviving issue," and there can be no discrimination against them in favor of the other five children. In the language of the act of 1844 the legacy given to William Bentz is "good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator."

Aside from Mrs. Strohm, the brothers and sisters named in the will are Elizabeth Bentz, Catherine Bentz, Mrs. Annie M. Parsons, John Bentz, James Bentz and William Bentz. These persons or their representatives will, therefore, take the estate for distribution, each of the primary legatees or his representatives being entitled to the undivided one-sixth thereof. This was the distribution made by the learned judge of the court below, whose opinion amply vindicates his conclusion, and, therefore, the decree is affirmed.